UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUREK, INC.,

    Plaintiff,

v().                                      Case No: 8:23-cv-0381-KKM-AEP

AMGUARD INSURANCE COMPANY,

    Defendants.
_____

## ORDER

Burek, Inc., brings this bad faith insurance action against AmGuard Insurance Company. Because an appeal of the underlying state court judgment against Burek is pending, the judgment is not yet final and Burek's claim is not yet ripe. Accordingly, the Court dismisses the action.

## I. BACKGROUND

George William Gage, III, died after Defendant Benjamin Ehas struck him with a car. Compl. (Doc. 1) ¶ 9. Ehas was working for Defendant Burek and driving a truck owned by Burek at the time of the crash. *Id.* Ehas, Burek, and Burek's owner, John L.

Burek,[1] were insured under a primary $1,000,000 policy issued by AmGuard, and a secondary $1,000,000 policy issued by Hartford Insurance Company. *Id.* ¶¶ 6, 8.

Susan L. Gage, representative of George Gage's estate, sued Burek, Mr. Burek, and Ehas in the Circuit Court of Hillsborough County, Florida, for wrongful death. *Id.* ¶ 22. The action resulted in a jury verdict awarding Gage $17,500,000. *Id.* The judgment is currently on appeal before the Florida Second District Court of Appeals. (Doc. 5). The judgment has not been stayed, forcing Burek to sell one of its stores at a loss to pay part of the judgment. Compl. ¶ 28.

Hartford filed an action against AmGuard, Burek, Mr. Burek, Ehas, and Gage seeking a declaration that it "owes no further sum to the Defendants with respect to the judgment in the Underlying Action or the claims articulated therein." Hartford Am. Compl. (No. 8:22-cv-2205, Doc. 13) at 6. Burek, Mr. Burek, and Gage answered that complaint. Gage also filed a bad faith counterclaim against Hartford and crossclaim against AmGuard, claiming that both acted in bad faith, causing Burek and Mr. Burek to "suffer[] entry of the Amended Final Judgment" in the underlying case. Gage Crossclaim (No. 8:22-cv-2205, Doc. 35) ¶ 39, 45. AmGuard moved to dismiss both Hartford's claim and Gage's crossclaim for lack of subject matter jurisdiction and failure to state a claim. MTD Hartford

---

[1] For clarity, John L. Burek is referred to as Mr. Burek throughout, while the Plaintiff company is simply referred to as "Burek."

2

Compl. (No. 8:22-cv-2205, Doc. 36); MTD Gage Crossclaim (No. 8:22-cv-2205, Doc. 49).

Meanwhile, Burek filed this separate bad faith action against AmGuard alleging bad faith failure to settle the claims in the state court action. Compl. (Doc. 1). Because of its relation to the Hartford action, this action was transferred to me. (Doc. 14). AmGuard moves to dismiss for the same reason it moved to dismiss the Hartford action. MTD (Doc. 12). In the alternative, AmGuard moves to consolidate this case with the Hartford action. Mot. Consolidate (Doc. 13).

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

3

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion under Rule 12(b)(1) may either be a "facial" or "factual" attack on a court's jurisdiction to hear the case. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990); *see also Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1022–23 (11th Cir. 2021) (contrasting facial and factual attacks on jurisdiction). A facial attack requires the Court look only to the pleadings to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Lawrence*, 919 F.2d at 1529 (quotation omitted). A factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quotation omitted). If a court finds it lacks jurisdiction, it is "without power to enter judgment . . . and must dismiss the case." *Hakki*, 7 F.4th at 1023.

When considering a 12(b)(6) motion or a facial 12(b)(1) motion, the Court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Lawrence*, 919 F.2d at 1529 (quotation omitted). But for a factual 12(b)(1) motion, the

4

court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quotation omitted). Additionally, "the generally preferred approach" is to address a 12(b)(1) motion first because a 12(b)(1) motion goes to the court's jurisdiction to hear the dispute. *Jones v. State of Georgia*, 725 F.2d 622, 623 (11th Cir. 1984).

III. ANALYSIS

For the same reasons that the claims brought in the Hartford action are premature, Burek's claim is premature. Bad faith insurance claims arise when "as a result of the alleged misconduct of his insurer, an insured incurs a liability that is covered by an insurance policy but exceeds the policy's coverage limit." *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1059 (11th Cir. 2022). A bad-faith claim "is premature until there is a determination of liability and extent of damages owed" under the policy. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000). Until it is clear that the insurer should have paid and how much, the insurer cannot be said to have acted in bad faith by refusing to do so. *Blanchard v. State Farm. Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Where the liability incurred by the insured is an excess judgment, the cause of action does not ripen until the appeal is complete "[b]ecause the essential element of the . . . claim may be reversed on appeal." *See Romano v. Am. Cas. Ins. Co. of Reading, Pa.*, 834 F.2d 968, 970 (11th Cir. 1987) (affirming dismissal of statutory bad-faith claim as unripe).

Of course, Florida law does not require a determination of liability and damages by court judgment. *See Perera v. U.S. Fidelity Ins. And Guar. Co.*, 35 So. 3d 893, 899–900 (2010) (explaining that bad-faith claims can arise from excess judgments, stipulations, and settlement agreements between the insured and the third-party claimant); *McNamara*, 30 F.4th at 1057 (interpreting Florida law to allow consent judgments to give rise to bad-faith claims). But Florida law requires at least an allegation that liability and damages have been finally determined in some way. Here, the judgment is on appeal, meaning that liability and damages are not finally determined, so the bad-faith claim is premature. *Romano*, 834 F.2d at 970.

Burek argues that its claim is not premature because it suffered damages outside of the underlying excess judgment. Resp. to MTD (Doc. 21) at 1. Burek is correct that Florida courts sometimes allow recovery in a bad-faith claim for costs incurred other than the excess judgment, including the loss of a business. *Swamy v. Caduceus*, 648 So. 2d 758, 761 (Fla. 1st DCA 1994); *see also Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 619 (Fla. 1994) ("The damages recoverable by the insured in a first-party bad-faith action are those amounts that are the consequences of the insurer's bad faith," including "interest, court costs, and reasonable attorney's fees."). Burek has pointed to no authority holding that those damages are recoverable absent a final determination of liability. For this proposition, Burek, like Gage in the Hartford action, points to *North American Van Lines v. Lexington*

6

*Insurance Co.* (*NAVL*), 678 So. 2d 1325 (Fla. 4th DCA 1996), which allowed a bad-faith claim to proceed absent an underlying judgment. But though the underlying claim did not proceed to trial in *NAVL*, the insured settled the underlying claim with the injured party, so the settlement provided a final determination of liability and damages. *Id.* at 1328; *see also Perera*, 35 So. 3d 893, 901 (explaining the facts of *NAVL*). Here, there is no such settlement. The underlying judgment is on appeal, and there is no allegation in Burek's complaint that liability was settled by agreement of the parties. While Burek may indeed attempt to recover for the loss of its store, any claim for those damages is premature until the appeal is complete.

Because Burek's claim is premature, it is unripe. "A foundational principle of Article III is that an actual controversy must exist not only at the time the complaint is filed, but through all stages of litigation." *Trump v. New York*, 141 S. Ct. 530, 534 (2020) (internal quotations omitted). In addition to standing, "[t]he doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' requirement." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

If the appeal reverses the judgment against Burek, there would be no liability for which AmGuard could have acted in bad faith to cause. Burek is asking that I assume what will happen in " 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Texas*, 523 U.S. at 300. Thus, the claim is unripe.

I. CONCLUSION

Because the underlying judgment upon which Burek's claim is based is on appeal, this controversy is unripe. Accordingly, the following is **ORDERED:**

1. AmGuard's Motion to Dismiss Burek's complaint, (Doc. 12), is **GRANTED**.

2. AmGuard's Motion to Consolidate, (Doc. 13), is **DENIED as moot**.

3. Burek's Complaint (Doc. 1) is **DISMISSED without prejudice**.

4. The Clerk is directed to enter **JUDGMENT** against Burek in accord with this order.

5. The Clerk is further directed to terminate any pending motions and deadlines and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 28, 2023.

Kathryn Kimball Mizelle
United States District Judge